1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


VICTORIA HERNANDEZ,                  No. 2:05-cv-1963-MCE-EFB

          Plaintiff,

     v.                              PRETRIAL (STATUS) SCHEDULING ORDER

KSM PROPERTIES and KSM FOOD
STORE, INC.,

          Defendants.
_____/

     After reviewing the Plaintiff's Status Report, the

Court makes the following Order.[1]

     I.    SERVICE OF PROCESS

     All named Defendants have been served and no further service

is permitted without leave of court, good cause having been

shown.

///

///

_____

     [1] Due to defense counsel Ricardo Monterrosa's failure to
comply with Fed. R. Civ. P. 26(f), an Order to Show Cause is set
for November 13, 2006 at 9:00 a.m. in Courtroom 3 before the
Honorable Morrison C. England, Jr. to show cause why sanctions
should not be imposed for his failure to meaningfully participate
in preparing and filing the required Joint Status Report.

1

1        II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

2        No joinder of parties or amendments to pleadings is

3    permitted without leave of court, good cause having been shown.

4        III. JURISDICTION/VENUE

5        Jurisdiction is predicated upon 28 U.S.C. § 1331.

6    Jurisdiction and venue are not contested.

7        IV.   DISCOVERY

8        All discovery, with the exception of expert discovery, shall

9    be completed by **July 20, 2007.**  In this context, "completed"

10   means that all discovery shall have been conducted so that all

11   depositions have been taken and any disputes relative to

12   discovery shall have been resolved by appropriate order if

13   necessary and, where discovery has been ordered, the order has

14   been obeyed.  All motions to compel discovery must be noticed on

15   the magistrate judge's calendar in accordance with the local

16   rules of this Court.

17       V.    DISCLOSURE OF EXPERT WITNESSES

18       All counsel are to designate in writing, file with the

19   Court, and serve upon all other parties the name, address, and

20   area of expertise of each expert that they propose to tender at

21   trial not later than **September 20, 2007.**[2]  The designation shall

22   be accompanied by a written report prepared and signed by the

23   witness.  The report shall comply with Fed. R. Civ. P.

24   26(a)(2)(B).

25   ///

26

27       [2] The discovery of experts will include whether any motions
     based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
28   579 (1993) and/or Kumo Tire Co. v. Carmichael, 119 S. Ct. 1167
     (1999) are anticipated.

2

1   Within twenty (20) days after the designation of expert
2   witnesses, any party may designate a supplemental list of expert
3   witnesses who will express an opinion on a subject covered by an
4   expert designated by an adverse party.  The right to designate a
5   supplemental expert for rebuttal purposes only shall apply to a
6   party who has not previously disclosed an expert witness on the
7   date set for expert witness disclosure by this Scheduling Order.

8   Failure of a party to comply with the disclosure schedule as
9   set forth above in all likelihood will preclude that party from
10  calling the expert witness at the time of trial.  An expert
11  witness not appearing on the designation will not be permitted to
12  testify unless the party offering the witness demonstrates: (a)
13  that the necessity for the witness could not have been reasonably
14  anticipated at the time the list was proffered; (b) that the
15  Court and opposing counsel were promptly notified upon discovery
16  of the witness; and (c) that the witness was promptly made
17  available for deposition.

18  For purposes of this scheduling order, an "expert" is any
19  person who my be used at trial to present evidence under Rules
20  702, 703, and 705 of the Federal Rules of Evidence, which include
21  both "percipient experts" (persons who, because of their
22  expertise, have rendered expert opinions in the normal course of
23  their work duties or observations pertinent to the issues in the
24  case) and "retained experts" (persons specifically designated by
25  a party to be a testifying expert for the purposes of
26  litigation).

27  Each party shall identify whether a disclosed expert is
28  percipient, retained, or both.

3

1  It will be assumed that a party designating a retained expert has

2  acquired the express permission of the witness to be so listed.

3  Parties designating percipient experts must state in the

4  designation who is responsible for arranging the deposition of

5  such persons.

6        All experts designated are to be fully prepared at the time

7  of designation to render an informed opinion, and give their

8  bases for their opinion, so that they will be able to give full

9  and complete testimony at any deposition taken by the opposing

10 party.  Experts will not be permitted to testify at the trial as

11 to any information gathered or evaluated, or opinion formed,

12 after deposition taken subsequent to designation.

13       Counsel are instructed to complete all discovery of expert

14 witnesses in a timely manner in order to comply with the Court's

15 deadline for filing dispositive motions.

16       VI.   MOTION HEARING SCHEDULE

17       All dispositive motions, except motions for continuances,

18 temporary restraining orders or other emergency applications,

19 shall be heard no later than **December 20, 2007.**  The parties are

20 responsible for ensuring that all motions are filed to allow for

21 proper notice of the hearing under the Federal Rules of Civil

22 Procedure and/or Local Rules.  Available hearing dates may be

23 obtained by calling Amanda Souvannarath, Deputy Courtroom Clerk,

24 (916) 930-4207.

25       All purely legal issues are to be resolved by timely

26 pretrial motions.  Local Rule 78-230 governs the calendaring and

27 procedures of civil motions with the following additions:

28 ///

1          (a)    The opposition and reply must be filed by **4:00**

2                 **p.m.** on the day due; and

3          (b)    When the last day for filing an opposition brief

4                 falls on a legal holiday, the opposition brief

5                 shall be filed on the last court day immediately

6                 preceding the legal holiday.

7          Failure to comply with Local Rule 78-230(c), as modified by

8    this Order, may be deemed consent to the motion and the Court may

9    dispose of the motion summarily.  Further, failure to timely

10   oppose a summary judgment motion[3] may result in the granting of

11   that motion if the movant shifts the burden to the nonmovant to

12   demonstrate that a genuine issue of material fact remains for

13   trial.

14         The Court places a page limit of twenty (20) pages on all

15   initial moving papers, twenty (20) pages on oppositions, and ten

16   (10) pages for replies.  All requests for page limit increases

17   must be made in writing to the Court setting forth any and all

18   reasons for any increase in page limit at least fourteen (14)

19   days prior to the filing of the motion.

20         For the Court's convenience, citations to Supreme Court

21   cases should include parallel citations to the Supreme Court

22   Reporter.

23         The parties are reminded that a motion <u>in</u> <u>limine</u> is a

24   pretrial procedural device designed to address the admissibility

25   of evidence.

26

27         [3]  The Court urges any party that contemplates bringing a
     motion for summary judgment or who must oppose a motion for
28   summary judgment to review Local Rule 56-260.

1  The Court will look with disfavor upon dispositional motions

2  (except those noted on page 3) presented at the Final Pretrial

3  Conference or at trial in the guise of motions in limine.

4       The parties are cautioned that failure to raise a

5  dispositive legal issue that could have been tendered to the

6  court by proper pretrial motion prior to the dispositive motion

7  cut-off date may constitute waiver of such issue.

8       VII.  FINAL PRETRIAL CONFERENCE

9       The Final Pretrial Conference is set for **March 17, 2008** at

10 **1:30 p.m.**  At least one of the attorneys who will conduct the

11 trial for each of the parties shall attend the Final Pretrial

12 Conference.  If by reason of illness or other unavoidable

13 circumstance a trial attorney is unable to attend, the attorney

14 who attends in place of the trial attorney shall have equal

15 familiarity with the case and equal authorization to make

16 commitments on behalf of the client.

17       Counsel for all parties are to be fully prepared for trial

18 at the time of the Final Pretrial Conference, with no matters

19 remaining to be accomplished except production of witnesses for

20 oral testimony.

21       The parties shall file, not later than **March 3, 2008**, a

22 Joint Final Pretrial Conference Statement.  The provisions of

23 Local Rules 16-281 shall apply with respect to the matters to be

24 included in the Joint Final Pretrial Conference Statement.   In

25 addition to those subjects listed in Local Rule 16-281(b), the

26 parties are to provide the Court with a plain, concise statement

27 that identifies every non-discovery motion tendered to the Court

28 and its resolution.

6

1 | Failure to comply with Local Rule 16-281, as modified by this

2 | Order, may be grounds for sanctions.

3 | At the time of filing the Joint Final Pretrial Conference

4 | Statement, counsel shall also electronically mail to the Court in

5 | digital format compatible with Microsoft Word or WordPerfect, the

6 | Joint Final Pretrial Conference Statement in its entirety

7 | including the witness and exhibit lists.  **These documents shall**

8 | **be sent to: mceorders@caed.uscourts.gov.**

9 | The parties should identify first the core undisputed facts

10 | relevant to all claims.  The parties should then, in a concise

11 | manner, identify those undisputed core facts that are relevant to

12 | each claim.  The disputed facts should be identified in the same

13 | manner.  Where the parties are unable to agree as to what

14 | disputed facts are properly before the Court for trial, they

15 | should nevertheless list all disputed facts asserted by each

16 | party.  Each disputed fact or undisputed fact should be

17 | separately numbered or lettered.

18 | Each party shall identify and concisely list each disputed

19 | evidentiary issue which will be the subject of a motion in

20 | limine.

21 | Each party shall identify the points of law which concisely

22 | describe the legal issues of the trial which will be discussed in

23 | the parties' respective trial briefs.  Points of law should

24 | reflect issues derived from the core undisputed and disputed

25 | facts.  Parties shall not include argument or authorities with

26 | any point of law.

27 | ///

28 | ///

1    The parties are reminded that pursuant to Local Rule 16-281

2  they are required to list in the Joint Final Pretrial Conference

3  Statement all witnesses and exhibits they propose to offer at

4  trial.  After the name of each witness, each party shall provide

5  a brief statement of the nature of the testimony to be proffered.

6  The parties may file a joint list or each party may file separate

7  lists.  These list(s) shall not be contained in the body of the

8  Joint Final Pretrial Conference Statement itself, but shall be

9  attached as separate documents to be used as addenda to the Final

10 Pretrial Order.

11    Plaintiff's exhibits shall be listed numerically.

12 Defendants' exhibits shall be listed alphabetically.  The parties

13 shall use the standard exhibit stickers provided by the Court:

14 pink for Plaintiff and blue for Defendant.  In the event that the

15 alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and

16 "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or

17 otherwise fastened together and each page within the exhibit

18 shall be numbered. The list of exhibits shall not include

19 excerpts of depositions, which may be used to impeach witnesses.

20 In the event that Plaintiff and Defendants' offer the same

21 exhibit during trial, that exhibit shall be referred to by the

22 designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions

23 the parties to pay attention to this detail so that all concerned

24 will not be confused by one exhibit being identified with both a

25 number and a letter.

26 ///

27 ///

28 ///

8

1   The Final Pretrial Order will contain a stringent standard

2 for the offering at trial of witnesses and exhibits not listed in

3 the Final Pretrial Order, and the parties are cautioned that the

4 standard will be strictly applied.  On the other hand, the

5 listing of exhibits or witnesses that a party does not intend to

6 offer will be viewed as an abuse of the court's processes.

7   Counsel shall produce all trial exhibits to Amanda

8 Souvannarath, the Courtroom Clerk, no later than **3:00 p.m.** on

9 **April 16, 2008.**

10   The parties also are reminded that pursuant to Rule 16 of

11 the Federal Rules of Civil Procedure it will be their duty at the

12 Final Pretrial Conference to aid the Court in: (a) the

13 formulation and simplification of issues and the elimination of

14 frivolous claims or defenses; (b) the settling of facts that

15 should properly be admitted; and (c) the avoidance of unnecessary

16 proof and cumulative evidence.  Counsel must cooperatively

17 prepare the Joint Final Pretrial Conference Statement and

18 participate in good faith at the Final Pretrial Conference with

19 these aims in mind.  A failure to do so may result in the

20 imposition of sanctions which may include monetary sanctions,

21 orders precluding proof, elimination of claims or defenses, or

22 such other sanctions as the Court deems appropriate.

23   VIII. TRIAL SETTING

24   The trial is set for **April 23, 2008 at 9:00 a.m.**  Trial will

25 be by court.  The parties estimate a trial length of **two (2)**

26 **days.**

27 ///

28 ///

9

1    IX.    SETTLEMENT CONFERENCE

2        No settlement conference is currently scheduled.  A

3    settlement conference may be set at the parties' request.  In the

4    event a settlement conference date is requested, the parties

5    shall file said request jointly, in writing.

6        Counsel are instructed to have a principal with full

7    settlement authority present at the Settlement Conference or to

8    be fully authorized to settle the matter on any terms.

9    At least seven (7) calendar days before the settlement

10    conference, counsel for each party shall submit to the chambers

11    of the settlement judge a confidential Settlement Conference

12    Statement.  Such statements are neither to be filed with the

13    Clerk nor served on opposing counsel.  Each party, however, shall

14    serve notice on all other parties that the statement has been

15    submitted.  If the settlement judge is not the trial judge, the

16    Settlement Conference Statement shall not be disclosed to the

17    trial judge.

18        After the Final Pretrial Conference, the Court will not set

19    a settlement conference.  The parties are free, however, to

20    continue to mediate or attempt to settle the case with the

21    understanding that the trial date is a firm date.

22    X.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

23        Pursuant to Local Rule 16-271 parties will need to lodge a

24    stipulation and proposed order requesting referral to the

25    Voluntary Dispute Resolution Program.

26    ///

27    ///

28    ///

10

1     XI.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

2          The parties are reminded that pursuant to Rule 16(b) of the

3     Federal Rules of Civil Procedure, the Status (Pretrial

4     Scheduling) Order shall not be modified except by leave of court

5     upon a showing of good cause.  Agreement by the parties pursuant

6     to stipulation alone does not constitute good cause.  Except in

7     extraordinary circumstances, unavailability of witnesses or

8     counsel does not constitute good cause.

9          XII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

10          This Status Order will become final without further order of

11     the Court unless objections are filed within seven (7) *court* days

12     of service of this Order.

13          IT IS SO ORDERED.

14     DATED: October 16, 2006

15

16

17     _____
       MORRISON C. ENGLAND, JR

18     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

11